## HOMER STEWARD v. STATE.

No. A-6413.   Opinion Filed May 5, 1928.
(267 Pac. 280.)

Orbie W. Johnson, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DAVENPORT, J.   The plaintiff in error, hereinafter called defendant, has appealed from a conviction from the county court of Caddo county, Okla., on a charge of transporting intoxicating liquor. The evidence is brief, and on the part of the state is that Watt Carruth and Roe Netherton were city marshal and watchman, respectively, of Carnegie, who testified they went up to where a number of parties were playing poker, and that the defendant in this case, when he saw them, ran, and, when he got about 50 or 60 yards from them, they saw him throw something they thought to be bottles of whisky.   They further testify they found some broken bottles in the weeds near the railroad fence near where they claim to have seen defendant throw something, containing about a tablespoonful of whisky. However, neither of the state witnesses claim to have tasted the contents found in the bottles, nor did they give any reason why they said it was whisky.

Four witnesses on behalf of the defendant testify that they were with the defendant when the defendant started to run, and that they did not see him throw anything away; that they had the same opportunity to see as the state witnesses.

It is argued by the defendant that the testimony is insufficient to sustain a conviction.   We agree with the argument of the defendant that the testimony is insufficient to sustain a conviction.   The distance the defendant in this case was from the state witnesses when they claim he threw away something when he ran

makes it difficult for them to have seen what the defendant was doing, or to tell what he might have thrown away, if anything, and it is extremely doubtful from the record in this case that the defendant threw away anything.

We are not satisfied that the guilt of the defendant has been proven with that degree of certainty required under the statute.

The case is reversed and remanded.

DOYLE, P. J., and EDWARDS, J., concur.